ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

DIMITRA H. SAMPSON
Arizona State Bar No. 019133
TRACY VAN BUSKIRK
Arizona State Bar No. 022097
RYAN POWELL
Arizona State Bar No. 025695
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: dimitra.sampson@usdoj.gov
Email: tracy.van.buskirk@usdoj.gov
Email: ryan.powell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br> Plaintiff, <br> v. <br> Matthew Francis Leonard <br> Defendant. | No. CR-17-08126-PCT-DGC (JZB) <br><br> **PLEA AGREEMENT** |

The United States of America and the defendant hereby agree to dispose of this matter on the following terms and conditions:

### PLEA

The defendant will plead guilty to Count Three of the Indictment, charging a violation of Title 18, United States Code (U.S.C.), Section 1512(c)(2), Tampering with Proceedings.

1. **MAXIMUM PENALTIES**

    a. A violation of 18 U.S.C. § 1512(c)(2), a Class C felony, is punishable by a maximum term of imprisonment of up to twenty years, a maximum fine of $250,000, or

both imprisonment and a fine, and a term of supervised release of up to three years. The maximum term of probation is five years.

      b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

      c.      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

      d.      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

      e.      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

      f.      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

      g.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 2. AGREEMENTS REGARDING SENTENCING

      a.      <u>Stipulation: Acceptance of Responsibility.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will stipulate and agree to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

   b.   **Stipulation: Substantial Interference**. The United States and the defendant stipulate and agree that the offense resulted in substantial interference with the administration of justice and that the three-level increase pursuant to U.S.S.G. § 2J1.2(b)(2) applies to the defendant.

   c.   **Stipulation: Sentencing Cap**: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that any term of imprisonment imposed shall not exceed the high end of the final adjusted Sentencing Guidelines range.

3. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.   The United States will dismiss Count One of the Indictment, Misprision of a Felony, a felony, in violation of 18 U.S.C. § 4; and Count Two of the Indictment, Making Materially False, Fictitious, or Fraudulent Statements or Representations, a felony, in violation of 18 U.S.C. § 1001(a)(2). The United States will dismiss these charges at the time of sentencing.

   b.   This office will not prosecute the defendant for any additional offenses committed by the defendant arising out of the discovery materials in CR-15-8076-PCT-DGC.

   c.   This agreement does **not**, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

4. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a.   If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Fed. R. Crim. P. 11(c)(5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

   b.   If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and

defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**5.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**6.     PERJURY AND OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

**7.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

(1)    Criminal convictions, history of drug abuse and mental illness; and

(2)    Financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine.

**8.    EFFECT ON OTHER PROCEEDINGS**

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**DEFENDANT'S APPROVAL AND ACCEPTANCE**

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt, all with the assistance of counsel.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined after consideration of the advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only advisory and that without this agreement the Court would be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

My guilty plea is not the result of force, threats, assurances, or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea. I further agree that promises, <u>including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply</u>, made by anyone (including my attorney) that are not contained within this written plea agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS

### Tampering with Proceedings

On or between June 23, 2015 and July 23, 2015, in the District of Arizona:

1. The defendant corruptly obstructed, influenced, or impeded any official proceeding, or attempted to do so.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On June 23, 2015, the FBI came to my house to arrest my brother, D.L., on a federal arrest warrant for murder. I told the FBI I did not know where my brother was. In fact, my brother had been at the house that morning, and I knew where he was hiding when the FBI arrived. I communicated with my brother throughout that day and the following weeks, during which time I solicited other people to help my brother evade arrest. As a result, I obstructed and impeded the FBI's efforts to arrest my brother, both on June 23, 2015, and in the weeks that followed.

I have read this agreement, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

Date 9-19-2017

MATTHEW FRANCIS LEONARD
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort

to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date 9-19-2017

DANA CARPENTER
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

Date 11-28-17

RYAN POWELL
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

Date 4/19/18

THE HONORABLE DAVID G. CAMPBELL
United States District Judge